Max Moskowitz
Ariel Peikes
OSTROLENK FABER LLP
845 Third Avenue, 8th Floor
New York, New York 10022
mmoskowitz@ostrolenk.com
apeikes@ostrolenk.com
Tel.  (212) 596-0500
Fax  (212) 382-0888

*Attorneys for Plaintiff*
*Sound Around, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOUND AROUND, INC., d/b/a PYLE USA, <br><br> *Plaintiff,* <br> v. <br><br> SHENZHEN KEENRAY INNOVATIONS LIMITED, DANXIA WU, WENG FENG PENG (a/k/a FENSON PENG), and AMAZON.COM, INC., <br><br> *Defendants*. | Civil Action No: 22-cv-6943 |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**OF NO PATENT INFRINGEMENT AND FOR UNFAIR COMPETITION IN**
**VIOLATION OF THE U.S. LANHAM ACT**

Plaintiff, Sound Around, Inc. ("Sound Around" or "Plaintiff"), through its counsel and

for the complaint against Defendants Shenzhen Keenray Innovations Limited ("Keenray"),

Danxia Wu ("Wu"), Weng Feng Peng ("Peng") and Amazon, Inc. ("Amazon") states as follows:

1.     This is an action for a Declaratory Judgment of no patent infringement under the

U.S. Patent laws, 35 U.S.C. § 1 *et seq.*  Specifically, Sound Around seeks a Declaratory

Judgment that its "SA Towel Warmer" product does not infringe upon U.S. Patent No. D952,810 S (the '810 Patent), which has been asserted against Sound Around by Defendant Keenray to Amazon, and has caused Amazon to delist the product from its ecommerce platform. Sound Around requests that the Court deem the patent to be invalid and/or unenforceable.

2.     Sound Around also asserts that Defendants Keenray, Wu and Feng (collectively, hereinafter, "the Keenray Defendants") committed acts of unfair competition, in violation of the U.S. Lanham Act, 15 U.S.C. § 1051 *et seq.*, by falsely stating to Amazon that Sound Around has infringed upon Keenray's '810 Patent that, in fact, was obtained through fraud and, therefore, is invalid and unenforceable. For the same conduct, Plaintiff asserts related claims under New York Law for tortious interference with an existing business relationship.

## THE PARTIES

3.     Plaintiff, Sound Around is a New York corporation with an office in Kings County, New York, at 1600 63rd Street, Brooklyn, NY 11204. Sound Around is an importer and seller of high-end electronic products and other consumer goods.

4.     Defendant Shenzhen Keenray Innovations Limited ("Keenray") is a Chinese limited liability complaint, with a business address at Rm. 1508 Zhongan Bldg, Guangchang Road Wenjing Community, Buji St, Longgang Shenzhen, Guangdong CHINA 518000.  Keenray is a distributor and exporter (from China) of electronic products.

5.      Defendant Wu is an individual who is an owner of Defendant Keenray. Upon information and belief, Wu has a business address at Rm. 1508 Zhongan Bldg, Guangchang Road Wenjing Community, Buji St, Longgang Shenzhen, Guangdong CHINA 518000. Wu is the purported inventor of a design shown in U.S. Patent No. D952,810 S (the '810 Patent), however,

she did not actually invent the subject design and made fraudulent statements to the U.S. Patent Office in order to obtain the '810 Patent for herself and Defendant Keenray.

6.      Defendant Peng is an individual who is an owner and is the principal officer of Defendant Keenray. Upon information and belief, Peng has a business address at Rm. 1508 Zhongan Bldg, Guangchang Road Wenjing Community, Buji St, Longgang Shenzhen, Guangdong CHINA 518000. Also, upon information and belief, Defendant Peng directs the actions of Defendant Keenray.

7.      Amazon.com, Inc. ("Amazon") is a Delaware corporation with a principal place of business at 410 Terry Ave N, Seattle, WA 98109. Amazon is the world's largest ecommerce retailer.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to the Patent Act (35 U.S.C. § 1 *et seq.*), the Lanham Act (15 U.S.C. § 1051 *et seq.*), and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202). This Court has subject matter jurisdiction, *inter alia*, pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 *et seq*.

9.      Venue in this judicial district is proper under 28 U.S.C. § 1391 in that Plaintiff resides in and/or conducts substantial business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

10.     This Court has personal jurisdiction over Defendants because they regularly conduct business and offer their services in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Defendants' wrongful acts and injury to Plaintiff occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

### A. **SOUND AROUND'S BUSINESS AND ITS RELATIONSHIP WITH AMAZON**

11. Sound Around was founded over forty (40) years ago. Sound Around has been and remains a leading importer and seller of high-quality electronics products, especially, audio and video products, DJ equipment and musical instruments. Sound Around offers many other consumer products such as houseware, kitchen appliances, fitness equipment, toys and scooters, among others. Presently, the company offers <u>thousands</u> of different products to end consumers in the United States.

12. Sound Around does not itself manufacture products. Instead, it purchases products and arranges for one of its brand names to be placed thereon. Sound Around's brand names include the following: PYRAMID, PYLE, LANZAR, SERENELIFE, NUTRICHE, and more than twenty (20) other famous brand names.

13. Sound Around markets and sells its products directly through its own portal www.pyleusa.com, and through third-party ecommerce portals such as Amazon, Walmart and eBay.

14. At Amazon, Sound Around operates several "Amazon Stores" including SereneLife and NutriChef.

15. The Amazon selling portal is extremely important to Sound Around's business.  The company has spent years developing its presence on Amazon and developing trust with Amazon and Amazon's consumers.

16. Any threats to Sound Around's good standing with Amazon is significant. One area of potential risk to Sound Around is that a third-party will allege that a Sound Around product

infringes upon the third-party's intellectual property rights such as a patent, copyright or trademark.

17. Multiple IP infringement allegations against a seller, such as Sound Around, on Amazon can lead to the seller's entire store (or stores) being shuttered permanently.

18. As is set forth herein, the Keenray Defendants are responsible for an allegation of patent infringement to Amazon, and against Sound Around, that is based upon fraud on the U.S. Patent Office. In turn, the Keenray Defendants' fraud has been perpetuated against Amazon and Sound Around.

B. **THE SUBJECT TOWEL WARMER DESIGN IS CREATED BY A THIRD-PARTY COMPANY, GOLDENHOT, AND THE PRODUCT IS SOLD TO SOUND AROUND AND TO KEENRAY**

19. The product at the heart of this law suit is a towel warmer. The towel warmer product is intended to warm a towel while one is bathing or showering, and then allows the bather to dry herself with a luxuriously heated towel. This product is depicted in **Exhibit A** hereto.

20. A third-party Chinese manufacturer, Dongguan Goldenhot Plastic & Hardware Products Co., LTD., d/b/a "Goldenhot" originated the product design shown in Exhibit A. (Decl. of FengLi Lv (hereinafter "Helen"), at Pars. 5-10).

21. As is set forth in the Declaration of Helen, Goldenhot applied for patents on a towel warmer product with a hinged lid and received two patents (a Design patent and a utility model patent) as detailed below. (Id., at Par. 4).

A. Design Patent Certificate, Certificate number: 4805777

      Name of design: Towel warmer E1819

      Designer: ZHAOXIU HUA(my boss)/CHAOWEI QI( my engineer)

      Patent Number:2018301197961

      Apply date:2018/3/28

PATENTEE:东莞市固豪塑胶五金制品有限公司DONGGUAN

GOLDENHOT PLASTIC & HARDWARE PRODUCTS CO.,LTD.

Address:Building 3,No.2,Yi'AN Middle Road, Yantian Village,

Fenggang Town, DongGuan City, GuangDong, China

523000东莞市凤岗镇雁田村怡安中路2号第3栋厂

Authorization Announcement Number:CN304786922S

B.  Utility model patent, Certificate number:7933434

Name of design: Towel warmer E1819

Designer: ZHAOXIU HUA(my boss)/CHAOWEI QI(my engineer)

Patent Number:2018204299139

Apply date:2018/3/28

PATENTEE:东莞市固豪塑胶五金制品有限公司DONGGUAN

GOLDENHOT PLASTIC & HARDWARE PRODUCTS CO.,LTD.

Address:Building 3,No.2,Yi'AN Middle Road, Yantian Village, Fenggang

Town, DongGuan City, GuangDong, China

523000东莞市凤岗镇雁田村怡安中路2号第3栋厂

Authorization Announcement Number:CN207947909U

22. Shown below, is a photo of the hinged towel warmer that is the subject of the two

Chinese patents:



(Id, at Par. 4).

23. In 2019, Goldenhot redesigned its hinged towel warmer product. (Id., at Par. 6).

24. Goldenhot first sold the redesigned towel warmer to Keenray on August 3, 2020. (Id, at Par. 9).

25. Unbeknownst to Goldenhot, Keenray filed for a U.S. patent on the updated towel warmer product design. The Keenray U.S. patent application was filed on November 10, 2020. (Id., at Pat. 10); (**Exhibit B** is a copy of the issued '810 Patent).

26. In late 2020 and early 2021, Goldenhot sold the subject towel warmer to Sound Around and other U.S. customers. Several of them currently sell this product in the U.S. through Amazon. (Helen Decl., at Pars. 7 and 11).

C.   **DEFENDANTS KEENRAY AND WU APPLY FOR THE '810 PATENT, THEREBY COMMITTING FRAUD ON THE U.S. PATENT OFFICE**

27. As indicated above, on November 10, 2020, Defendant Wu filed a patent application with the U.S. Patent Office. The application claims "invention" of a design originated by the third-party Goldenhot company, that had already been manufactured and sold by Goldenhot to Defendant Keenray, Plaintiff Sound Around, and other companies that sell in the U.S.

28. Product with the subject design had been sold to Keenray on August 3, 2020, more than three months before Defendants Wu and Keenray filed the '810 Patent Application.

29. Under the U.S. Patent Laws only true and correct inventors are permitted to file an application to secure a patent, and knowingly filing for a patent and misrepresenting oneself as an "inventor" results in the ensuing patent being "invalid" and "unenforceable." Also, entities and/or persons who knowingly enforce a "fraudulently" procured patent are subject to additional liabilities and punishment.

30. The subject patent application, the '810 Patent, lists a single Inventor, Defendant Wu. (See Exhibit B). However, Wu and Keenray became aware of this design by purchasing product incorporating the design from Goldenhot. Therefore, Wu cannot be the inventor.

31. The '810 Patent identifies the owner/assignee of the patent rights (via Defendant Wu) to be Defendant Keenray.

32. The Patent Laws impose on patent applicants and upon their attorneys and representatives a "duty of candor and good faith". See 37 C.F.R. 1.56.

33. Falsely claiming to be an "inventor" before the United States Patent and Trademark Office (PTO) amounts to "inequitable conduct", which includes: "affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." (As set forth in Purdue Pharma L.P. v. Boehringer Ingelheim GMBH, 237 F.3d 1359, 1366, 57 USPQ2d 1647, 1652 (Fed. Cir. 2001)).

34. To procure the '810 Patent, Ms. Wu declared to the U.S. Patent Office that "She is the original inventor of the invention embodied" in the patent application. She signed that she "acknowledges and declares that willful false statements and the like are **punishable by fine or imprisonment, or both…and may jeopardize the validity of the application or any patent issuing thereon**…" (Emphasis supplied).

35. Wu's fraud includes failing to disclose the subject design as "prior art" and, of course, claiming that the invention actually originated with her when she came to know the design through a third-party, Goldenhot.

36. The Patent Examiner initially rejected the application for the '810 Patent because public documents showed the claimed invention had been offered and sold in the U.S. prior to the filing date for the patent.

37. In order to overcome the Examiner's rejection, Ms. Wu provided the declaration below, stating that she invented the claimed subject matter, and that the prior art was from Keenray, even though the product had been created and manufactured by Goldenhot and sold to Keenray, at wholesale.

### 37 CFR1.130(a) Declaration

Inventor, Danxia Wu, hereby affirms and declares that:

1.  She is the original inventor of the invention embodied in the US patent application # 29757940, entitled "Blanket Towel Warmer".

2.  She is a co-owner of Shenzhen Keenray Innovations Limited, which sells the "Keenray Towel Warmer" quoted by the Office on various commercial outlets and online platforms. Therefore, this prior art is a disclosure made by Inventor herself and was made within one year prior to the filing the instant application.

3.  She has filed an assignment to assign the instant application to Shenzhen Keenray Innovations Limited.

4.  Inventor/Applicant acknowledges and declares that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C.1001), and may jeopardize the validity of the application or any patent issuing thereon. Applicant acknowledges and declare that all statements made of the declarant's own knowledge are true and that all statements made on information and belief are believed to be true.

Signature _____ / Danxia Wu /_____

Date _____03/19/2022_____

38. The Patent Office was not aware that Wu's statements were fraudulent, and that the design originated with Goldenhot. Therefore, the Patent Office issued the '810 Patent to Keenray, on May 24, 2022. (See Exhibit B).

**D.    THE KEENRAY DEFENDANTS SUBMIT A FRAUDULENT PATENT INFRINGEMENT COMPLAINT TO AMAZON**

39.    Sound Around's dispute with the Keenray Defendants stems from their wielding the fraudulently obtained '810 Patent against Sound Around by filing a bogus patent infringement complaint to Amazon. This has harmed Sound Around's sales and jeopardized its carefully developed relationship with Amazon.

40.    Sometime in 2022, Defendant Keenray contacted Amazon and demanded that Amazon delist, i.e., cease offering, Sound Around's "SA Towel Warmer," listed under Amazon's ASIN number, B0961BDJPX. (Brach Decl., at Pars. 7-8).

41.    The basis of Keenray's complaint to Amazon was that Sound Around's SA Towel Warmer infringes upon the '810 Patent. (Id.).

42.    Amazon does not adjudicate the validity of patents. Rather, when presented with a patent, Amazon presumes that the patent is valid and enforceable.

43.    Therefore, on October 17, 2022, Amazon delisted Sound Around's "SA Towel Warmer" due to the alleged "patent infringement" and informed Sound Around:

> If you think that the rights owner has made an error, please reach out to the rights owner and **ask them to submit a retraction of the complaint ID listed below. We may only accept retractions that the rights owner submits to us directly**. We do not accept forwarded or attached retractions. Rights owner contact information is provided below.
>
> If a retraction or appeal is submitted for the complaint ID listed below and accepted by Amazon, any actions taken as part of this case will be reversed. **If a retraction or appeal is not submitted for the complaint ID listed below, the actions originally taken will remain in place**."

(Emphasis supplied)(Brach Del., at Par. 9).

44. In addition, Amazon warned Sound Around that: "If we receive more complaints about your listings, we may take further action **up to and including not allowing you to sell to Amazon**." (Emphasis supplied)(Id., at Par. 10).

45. Therefore, the Keenray Defendants' fraud has put Sound Around at imminent and grave risk that its Amazon stores will be shuttered permanently and it will be unable to sell to Amazon's customers.  Amazon's prescribed way for the complaint to be resolved in Sound Around's favor is for Keenray to write to Amazon and retract its infringement allegations against. (See Id., at Par. 9).

46. To date, Defendants refuse to retract their fraudulent allegations against Sound Around.

47. Amazon has acted in good faith, including seeking to root out potential counterfeit products from its platform.

48. Amazon, by accepting the Keenray Defendants' patent infringement allegations and the validity of the '810 Patent at face value, has itself been defrauded by the Keenray Defendants. Amazon has unwittingly aided and abetted the Keenray Defendants' fraud against Sound Around.

49. If Amazon were to review the clear evidence of fraud by the Keenray Defendants, including that the product design originated with Goldenhot, and not with Wu and Keenray, then surely Amazon would reject the infringement claim by Keenray against Sound Around.

**E.   SOUND AROUND PROMPTLY CONTACTS KEENRAY AND DEMANDS THAT KEENRAY WITHDRAW ITS FALSE COMPLAINT OF INFRINGEMENT, BUT KEENRAY REFUSES**

50. Sound Around's president, Jerry Brach (whose father is known as "Ziggy") contacted Keenray's principal, Weng Feng Peng (a.k.a. "Fenson Peng") and requested that the infringement complaint to Amazon be withdrawn because it lacks merit.

51.   Keenray has refused to withdraw the complaint to Amazon. Mr. Peng complained to Mr. Brach that: "Your sell price $80 is way too low, how do you make money by this

business?" This suggests that Keenray's gripe with Sound Around is that Keenray cannot compete with Sound Around's pricing.

52.   Sound Around's U.S. counsel, Max Moskowitz, Esq., has also been in email communication with Mr. Peng, but to no avail. Mr. Peng does not respond to the contention that there is "clear evidence that Danxia Wu is not the real inventor of the '810 Patent."

53.   Similarly, Mr. Peng does not deny the accusation that he and his company used Danxia Wu to fraudulently procure the '810 patent.

54.   Mr. Moskowitz has reached out to the Patent Attorney who prosecuted the '810 Patent - Zhihua Han, Esq., and relayed to Mr. Han the clear evidence of fraud by Wu and Keenray on the Patent Office.  Mr. Han has not responded to these communications.

55.   The supplier of the towel warmer to Keenray and Sound Around, Goldenhot, has also asked Keenray to withdraw its infringement claims against Sound Around.  In these communications, Keenray's principal, Defendant Peng, has refused to admit that Keenray should not have applied for the patent. Moreover, Keenray refuses to withdraw its infringement complaint to Amazon unless Sound Around agrees to sell the SA Towel Warmer at a price approved by Mr. Peng.  This further informs Plaintiff's understanding that the Keenray Defendants seek to improperly control the pricing for a towel warmer product they only distribute and did not invent.

56.   To date, Defendants continue to weaponize the '810 Patent against Sound Around and they refuse to withdraw their "patent infringement" allegations from Amazon.

## COUNT I

### Sound Around's SA Towel Warmer Does Not Infringe on Keenray's '810 Patent  – No Infringement of the Patent in Violation of 35 U.S.C. § 271

57.    This is an action for Declaratory Judgment that Sound Around's sale of its towel warmer product does not infringe on any patent rights of Keenray, specifically, U.S. Patent No. D952,810 S.

58.    Sound Around repeats and realleges the averments contained in the preceding Paragraphs of this Complaint as if fully set forth herein.

59.    The Keenray Defendants knew that Wu is not the true "inventor" of the subject towel warmer design. Nevertheless, the Keenray Defendants worked in concert to submit fraudulent claims to the U.S. Patent Office and made numerous false and fraudulent statements to the Patent Office, and otherwise failed to provide disclosures required by the Patent Laws.

60.    The Keenray Defendants successfully defrauded the Patent Office and secured the '810 Patent, which issued in May 2022.

61.    Under 35 U.S.C. 102(a)(1), an applicant is not entitled to a patent if the claimed subject matter was publically available before the effective filing date of the application.  Before the filing of Wu's patent application, the towel warmer design had been sold by several retailers, including Defendant Keenray, all of whom had received the product at wholesale from Goldenhot.

62.    Also under the U.S. Patent Laws, only a true and correct inventor is permitted to file an application to secure a patent. Knowingly filing for a patent, when you are not an inventor, results in the ensuing patent being "invalid" and "unenforceable."

63.     After having defrauded the Patent Office, the Keenray Defendants further perpetuated their fraud by asserting to Amazon that Sound Around's SA Towel Warmer infringes the '810 Patent. This resulted in Amazon delisting Sound Around's product.

64.     Also as a result, Amazon warned Sound Around that should any other allegations of infringement be directed at products offered by Sound Around, then Sound Around could be barred from offering <u>any</u> products on Amazon. Sound Around's Amazon storefronts could be shuttered, and Sound Around would not be able to sell to Amazon's customers.

65.     By reason of the foregoing, Sound Around is suffering and will continue to suffer irreparable harm from the Keenray Defendants' fraudulent acts, in the manner set forth above, unless a Declaratory Judgment issues that Sound Around does not infringe the '810 Patent. Sound Around is also entitled to a declaratory judgment that the '810 Patent is invalid and/or unenforceable under one or more provisions of 35 U.S.C. §§ 102 and 103.

66.     Also by reason of the foregoing, Sound Around is suffering and will continue to suffer irreparable harm, unless and until the Court directs the Keenray Defendants to withdraw Keenray's complaint to Amazon.

## COUNT II

### Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) and Common Law

67.     The Keenray Defendants' acts of directing Amazon to delist Sound Around's product on the basis of alleged patent infringement, even though they knew that they obtained the '810 Patent through fraud, constitutes a violation of the Lanham Act. See *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353-54 (Fed. Cir. 1999), holding that a bad faith infringement allegation supports a Lanham Act cause of action for unfair competition.

68.    Sound Around repeats and realleges the averments contained in the preceding Paragraphs of this Complaint as if fully set forth herein.

69.    The '810 Patent is invalid because it lists Defendant Wu as the "inventor", when in fact, Wu did not invent the design.  The design was invented by third-party individuals for Goldenhot, which sold product incorporating the patented design to Defendant Keenray and to Plaintiff Sound Around.

70.    Under the U.S. Patent Law only a true and correct inventor is entitled to receive a patent. See Egenera, Inc. v. Cisco Systems, Inc., 972 F.3d 1367, 1376 (Fed. Cir. 2020)("The Constitution authorizes awarding patent exclusivity only to an inventor…so courts have historically held that if a patent does not reflect its true inventorship, it is invalid.).

71.    By asserting the '810 Patent against Sound Around, despite their knowledge that Wu is not the true inventor of the design, the Keenray Defendants made false statements to Amazon that were designed to injure Sound Around's reputation and standing with Amazon.

72.    The Keenray Defendants have made it clear that the intent of their false patent infringement claims is to force Sound Around to raise its prices.

73.    The Keenray Defendants' false allegations of patent infringement by Sound Around amount to unfair competition under the Federal Lanham Act.

74.    By reason of the foregoing, Sound Around is suffering and will continue to suffer irreparable harm, unless and until the Court enjoins the Keenray Defendants' activities and directs them to withdraw Keenray's complaint from Amazon and to account and pay to Sound Around all its damages that it has suffered, including attorneys' fees for reckless statements to Amazon that have resulted in harm to Sound Around.

## COUNT III

### Tortious Interference with Existing and Potential Business Relationships

75. This is a claim for tortious interference with existing and potential business relationships under New York State law.

76. Sound Around repeats and realleges the averments contained in the preceding Paragraphs of this Complaint as if fully set forth herein.

77. Defendants' actions, as described herein, including misrepresenting to Amazon that Sound Around's towel warmer product infringes upon Keenray's fraudulently procured, invalid '810 Patent has harmed Sound Around's selling relationship with Amazon by (a) causing the removal from Amazon of Sound Around's SA Towel Warmer product, and (b) putting Sound Around at risk of its Amazon stores being permanently closed as a result of legally false infringement complaints, and (c) hindering the continued sale and positive review of the SA Towel Warmer product by Amazon customers so that, even if the listing were restored, it would be at a disadvantage to similar products offered by Sound Around's competitors.

78. In making these false statements to Amazon, the Keenray Defendants intended to harm, and have, in fact, irreparably harmed Sound Around's reputation with Amazon and Amazon's customers.

79. Sound Around has lost valuable selling opportunities as a direct and proximate result of the Keenray Defendants' acts.

80. By reason of the foregoing, Sound Around has suffered, and will continue to suffer, severe irreparable harm from which there is no adequate remedy at law.

81.  Sound Around is entitled to the imposition of a preliminary and permanent injunction against the Keenray Defendants, to restrain and enjoin them and their agents, and those acting in

concert and participation with them, from further tortiously interfering with the Plaintiff's business relationship with Amazon.

82. By reason of the foregoing, Plaintiff is entitled to an award of damages from Defendants in an amount to be determined at trial.

83. Defendant's aforesaid acts are of such wanton, willful and malicious nature, that Sound Around is entitled to an award of punitive damages in an amount to be determined at trial, in order to punish the Keenray Defendants and deter others similarly situated from committing such acts in the future.

84. Also by reason of the foregoing, Sound Around is suffering and will continue to suffer irreparable harm, unless and until the Court directs the Keenray Defendants to withdraw Keenray's complaint to Amazon.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sound Around prays that judgment be entered:

A.    Declaring that Sound Around's SA Towel Warmer does not infringe upon any patent rights of Defendants, namely, U.S. Patent No. D952,810 S;

B.    Declaring Keenray's U.S. Patent No. D952,810 S invalid and unenforceable because (1) Wu is not the true inventor of the claimed design; (2) the design was available from a third-party before Wu "invented" the design; and (3) the Keenray Defendants failed in their duty of candor to the U.S. Patent Office.

C.   For preliminary and permanent injunctive relief against the Keenray Defendants, including without limitation enjoining them from requesting that Amazon and others delist, block, or remove any of Plaintiff's products on the basis of IP infringement;

D.   Ordering the Keenray Defendants to inform Amazon that Keenray's complaints against Sound Around are withdrawn, and that Amazon should re-list the Sound Around SA Towel Warmer;

E.   Ordering Amazon, in the event that the Keenray Defendants fail to comply with a Court Order (as set forth in the preceding paragraph) to withdraw the Keenray Defendants' allegation of infringement against Sound Around, to re-list the Sound Around ASIN for the SA Towel Warmer product;

F.   For actual damages in such amount as may be found, or otherwise permitted by law.

G.   For an accounting of and the imposition of a constructive trust with respect to the Keenray Defendants' sales on Amazon to capture the gains secured by and through Defendants' fraudulent activity.

H.   Declaring Plaintiff as the prevailing party, and this case as exceptional, and awarding to Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 or any other applicable statute or law.

I.   That the Keenray Defendants be ordered to pay all fees, expenses, and costs associated with this action;

J.   That Defendants be required to pay trebled damages because this is an exceptional case; and

K.    Ordering that Sound Around be granted such other and further relief as the Court

may deem just and proper.


Dated:  November 14, 2022                    Respectfully submitted,


                                             /s/Max Moskowitz
                                             Max Moskowitz
                                             mmoskowitz@ostrolenk.com
                                             Ariel S. Peikes
                                             apeikes@ostrolenk.com
                                             OSTROLENK FABER, LLP
                                             845 Third Avenue
                                             New York, New York 10022
                                             Tel.  (212) 596-0500
                                             Fax  (212) 382-0888
                                             *Attorneys for Plaintiff*