UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SOUND AROUND, INC., d/b/a PYLE USA,

*Plaintiff,*

v.

SHENZHEN KEENRAY INNOVATIONS LIMITED, DANXIA WU, WENG FENG PENG (a/k/a FENSON PENG), and AMAZON.COM, INC.,

*Defendants.*

Civil Action No:

**DECLARATION OF JERRY BRACH IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

JERRY BRACH declares as follows:

1. I am president of Plaintiff, Sound Around, Inc. ("Sound Around"). I make this declaration in support of Sound Around's motion for a preliminary injunction and application for a temporary restraining order.

2. Sound Around is a New York corporation with an address at 1600 63rd Street, Brooklyn, New York 11204.

3. Founded over 40 years ago, Sound Around has been and is a leading importer and seller of high-quality electronics products, especially, audio and video products, DJ equipment and musical instruments, as well as houseware products,



{02800936.1}
AM 46810234.1

kitchen appliances, fitness equipment, toys, scooters, among others. Sound Around currently carries many different products.

4. Sound Around does not itself manufacture products. Instead, it purchases them and arranges for one of its brand names to be placed thereon. Sound Around's brand names include the following: PYRAMID, PYLE, LANZAR, SERENELIFE, NUTRICHE, and more than twenty (20) other famous brand names.

5. Sound Around markets and sells its products directly and through different online selling portals, for example through its own portal www.pyleusa.com and also through third party ecommerce portals such as Amazon, Walmart and eBay. At Amazon, Sound Around operates several "Amazon Stores" including the SereneLife store and NutriChef store.

6. One product that Sound Around was selling at its Amazon, "SereneLife" store was a towel warmer called "The SA Towel Warmer." The towel warmer product is intended to warm a towel while one is bathing or showering, and then allows the bather to dry herself with a luxuriously heated towel. This product is depicted in **Exhibit A** hereto.

7. Sometime in 2022, the Defendant Keenray Innovations Limited (hereinafter, "Keenray") contacted Amazon and demanded that Amazon delist, i.e., cease offering, the SA Towel Warmer, listed under Amazon's ASIN number, B0961BDJPX. Parenthetically, every item sold on Amazon is assigned by Amazon a so-called ASIN number.

8. Keenray alleged to Amazon that it owns U.S. Design Patent, D952,810 S (the '810 Patent) entitled a "Blanket Towel Warmer". (**Exhibit B**, hereto),

and that the SA Towel Warmer infringes on its '810 Patent. In response, Amazon shut down sales of the SA Towel Warmer, without prior warning to Sound Around.

9. More specifically, in response to Keenray's complaint, on October 17, 2022, Amazon delisted, i.e., banned from selling, Sound Around's "SA Towel Warmer" and on the same day informed Sound Around:

> "If you think that the rights owner has made an error, please reach out to the rights owner and **ask them to submit a retraction of the complaint ID listed below. We may only accept retractions that the rights owner submits to us directly**. We do not accept forwarded or attached retractions. Rights owner contact information is provided below.
>
> If a retraction or appeal is submitted for the complaint ID listed below and accepted by Amazon, any actions taken as part of this case will be reversed. **If a retraction or appeal is not submitted for the complaint ID listed below, the actions originally taken will remain in place.**"

(Emphasis supplied).

10. In addition, Amazon warned Sound Around that it takes intellectual property infringement seriously, and "If we receive more complaints about your listings, we may take further action **up to and including not allowing you to sell to Amazon**." (Emphasis supplied).

11. In other words, Keenray's actions have not only caused Sound Around to (unjustly lose sales, as explained below), but more importantly have irreparably damaged Sound Around's extremely valuable relationship with Amazon.

Keenray's knowing, willful, brazen and illegal assault upon Sound Around's business is explained below.

12. In addition, Keenray's actions have egregiously and irreparably damaged the good will that Sound Around has worked hard and has achieved in relation to the mention product represented by the Amazon B0961BDJPX ASIN number.

13. The '810 Patent lists a single Inventor, Defendant "Danxia Wu," and identifies the owner/assignee of the patent rights to be Defendant Keenray.

14. I am informed that under the U.S. Patent Laws only true and correct inventors are permitted to file an application to secure a patent, and that knowingly filing for a patent and misrepresenting oneself as an "inventor" results in the ensuing patent being "invalid" and "unenforceable." Also, entities and/or persons who knowingly enforce a "fraudulently" procured patent are subject to additional liabilities and punishment.

15. In fact, Defendant Wu did not invent the subject matter covered by the '810 Patent. Instead, the product shown in the '810 Patent was invented and produced by a third party Chinese manufacturer, which sold that product, i.e., the SA Towel Warmer, to several U.S. customers including Defendant Keenray and Plaintiff Sound Around.

16. Keenray's fraud has put Sound Around's entire relationship with Amazon at grave risk, and threatens irreparable damage to Sound Around's ability to offer and sell HUNDREDS of Sound Around's products to consumers who shop on Amazon.

17. Specifically, Sound Around purchased the subject SA Towel Warmer from the same China-based manufacturer as did Keenray. I will refer to herein to that manufacturer as being "Goldenhot." Details about the Goldenhot are listed on its web page at www.gh-goldenhot.com.

18. My contact, "Helen," at Goldenhot provided clear evidence that the legal name of Goldenhot, and of the true and correct owner/inventor of the product in this law suit is **东莞市固豪塑胶五金制品有限公司(in Chinese characters) and translated into English: DONGGUAN GOLDENHOT PLASTIC & HARDWARE PRODUCTS CO., LTD.** ("Goldenhot").

19. Indeed, Goldenhot filed in China for a patent on a very similar design which was granted China patent number CN207947909U.

20. The product in this lawsuit is an updated towel warmer that Goldenhot evolved and sold to Keenray in early August 2020, PRIOR TO Keenray's patent filing for the '810 Patent, on November 10, 2020.

21. I enclose herewith several communications from Helen that show and establish that Keenray purchased the subject towel warmers shown in the '810 Patent from Goldenhot and then illegally proceeded to secure a patent thereon in the United States. See **Exhibit C**. Goldenhot sets forth *inter alia* that "We are the inventor," and "Keenray applied patent in the US without our authorization."

22. In China, representatives of Goldenhot communicated with Mr. WenFeng Peng (aka Fenson Peng), one of the owners of Keenray, in attempt to resolve this dispute.

23. In direct communications with Fenson Peng, the crux of Mr. Peng's gripe against Sound Around appears to be that the price at which Sound Around sells the SA Towel Warmer is "way too low" compared to the price at which Keenray offers its towel warmers, undermining Keenray's desired profit margins.

24. On October 25, 2022, Mr. Feng wrote to me and others (Ziggy being my father):

*"Hello Ziggy,*
*Your sell price $80 is way too low, how do you make money by this business?*
*We think it is not unfair for the market.*
*Otherwise, you need to pay for the authorization, or buy products from us if possible.*
*Thanks!"*

See **Exhibit D**, hereto.

25. Thus, Mr. Peng does not deny that his partner, the named inventor Danxia Wu, DID NOT "invent" the product. Rather, Keenray's gripe against Sound Around is that Sound Around's selling price on Amazon is too low. Keenray has used the fraudulently obtained '810 patent to try and manipulate prices on the product in the U.S. and gain an unfair, anti-competitive advantage.

26. Sound Around's U.S. counsel, Max Moskowitz, also communicated with Keenray's Mr. Peng, but to no avail. Mr. Peng does not respond to the contention that there is "clear evidence that Danxia Wu is not the real inventor of the '810 Patent," and that the '810 Patent was obtained through fraud on the U.S. Patent Office.

27. Rather, Mr. Peng responded in one email, stating:

> *Hello,*
> *We are the U.S. patent owner.*
> *So you should to get our authorization before sell on amazon.com.*

and in another email (10/28/22), he wrote:

> *Hello Max,*
> *Good to see your reminder!*
> *I will talk to my lawyer soon and make him to do some preparing job if necessary.*
>
> *Also, if Mr.Ziggy need to talk about possible authorization and cooperations, we are still open. As a U.S. patent owner, we need to be treated fairly by the market and competitors.*
>
> *I won't reply any more, unless from Mr.Ziggy. Thank you!*
>
> *Fenson Peng*

28. Mr. Moskowitz has reached out to the Patent Attorney who prosecuted the '810 Patent for Danxia Wu and Keenray, Zhihua Han, Esq., and relayed to Attorney Han the clear evidence of fraud by Wu and Keenray. However, Mr. Han has not responded.

29. I am informed that the patent examiner initially rejected the application for the '810 Patent based on public documents that showed the claimed invention to have been offered and sold in the U.S. prior to the filing date for the patent.

30. To overcome that rejection, the putative inventor, Ms. Wu provided the declaration below, falsely stating that she invented the claimed subject matter. See **Exhibit E.**

**37 CFR1.130(a) Declaration**

Inventor, Danxia Wu, hereby affirms and declares that:

1. She is the original inventor of the invention embodied in the US patent application # 29757940, entitled "Blanket Towel Warmer".

2. She is a co-owner of Shenzhen Keenray Innovations Limited, which sells the "Keenray Towel Warmer" quoted by the Office on various commercial outlets and online platforms. Therefore, this prior art is a disclosure made by Inventor herself and was made within one year prior to the filing the instant application.

3. She has filed an assignment to assign the instant application to Shenzhen Keenray Innovations Limited.

4. Inventor/Applicant acknowledges and declares that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C.1001), and may jeopardize the validity of the application or any patent issuing thereon. Applicant acknowledges and declare that all statements made of the declarant's own knowledge are true and that all statements made on information and belief are believed to be true.

Signature ____ / Danxia Wu /__________

Date _________03/19/2022________

31. I am informed that under the U.S. Patent Law only a true and correct inventor is entitled to receive a patent. Thus, in Egenera, Inc. v. Cisco Systems, Inc., 972 F.3d 1367, 1376 (Fed. Cir. 2020), the Federal Circuit explained:

The Constitution authorizes awarding patent exclusivity only to an inventor. And so courts have historically held that if a patent does not reflect its true inventorship, it is invalid.

(Emphasis supplied)(Internal citations omitted).

32. Indeed, the Patent Laws impose on patent applicants and upon their attorneys and representatives a "duty of candor and good faith". See 37 C.F.R. 1.56.

33. Falsely claiming to be an "inventor" before the United States Patent and Trademark Office (PTO) amounts to "inequitable conduct," which includes: "affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." (As set forth in Purdue Pharma L.P. v. Boehringer Ingelheim GMBH, 237 F.3d 1359, 1366, 57 USPQ2d 1647, 1652 (Fed.Cir.2001)).

34. To procure the '810 Patent, Ms. Wu declared to the U.S. Patent Office, on behalf of herself and her company the assignee and defendant herein, Keenray, that "[s]he is the original inventor of the invention embodied" in the patent application, and she is a "co-owner" of Keenray. As required by law, she signed that she "acknowledges and declares that willful false statements and the like are **punishable by fine or imprisonment, or both…and may jeopardize the validity of the application or any patent issuing thereon**…" (Emphasis supplied).

35. The duty of candor and good faith is also applicable to Keenray's patent representative, Mr. Zhihua Han of the Wen IP LLC law firm located in Mercer Island, Washington. It defies logic that he would not have asked Ms. Wu and/or informed Keenray about the critical legal requirement that only inventors may file for a patent.

36. The fact that all the "signatures" in the file of the '810 Patent by Ms. Wu are signed just electronically, i.e., as " / Danxia Wu /", casts serious doubt that Mr. Han ever communicated with Ms. Wu. Therefore, Mr. Han has knowingly, or at least in gross negligence and recklessness, participated in the fraudulent scheme that led to the issuance of the '810 Patent.



{02800936.1}
AM 46810234.1

37. In alleging infringement of the '810 Patent to Amazon, Keenray has now also defrauded Amazon and Sound Around.

38. To date, Keenray refuses to withdraw its complaint to Amazon about the alleged infringement of the '810 Patent by Sound Around.

39. Therefore, the overall effect of Keenray's fraudulent actions has put Sound Around's entire relationship with Amazon at grave risk, and threatens irreparable damage to Sound Around's ability to offer and sell HUNDREDS of Sound Around's products to consumers who shop on Amazon.

40. My counsel, Mr. Moskowitz, has emailed Plaintiff's Verified Complaint and Motion for Preliminary Injunction and T.R.O., and all supporting papers, upon the Defendants Keenray, Danxia Wu and Weng Feng Peng at the email address us@keenray.com, as well as to Mr. Peng's email address, fpeng@keenray.com, and to Keenray's U.S. based patent counsel at josh@wen-ip.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Brooklyn, NY, on the 14th day of November, 2022.

JERRY BRACH



{02800936.1}
AM 46810234.1