UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOUND AROUND INC., d/b/a PYLE USA,<br><br>Plaintiff,<br>v.<br><br>SHENZHEN KEENRAY INNOVATIONS LIMITED, DANXIA WU, and WENG FENG PENG (a/k/a FENSON PENG),<br><br>Defendants. | **MEMORANDUM & ORDER**<br>22-CV-6943 (HG) |
| DONGGUAN GOLDENHOT PLASTIC & HARDWARE PRODUCTS CO., LTD *et al.*,<br><br>Plaintiffs,<br>v.<br><br>SHENZHEN KEENRAY INNOVATIONS LIMITED *et al.*,<br><br>Defendants. | 23-CV-3289 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On November 14, 2022, Plaintiff Sound Around Inc. ("Sound Around") initiated an action against Defendants Shenzhen Keenray Innovations Limited ("Keenray China"), Danxia Wu, and Weng Feng Peng, seeking a declaratory judgment and asserting claims of unfair competition, and tortious interference. *See generally* No. 22-cv-6943, ECF No. 1. On May 1, 2023, Plaintiffs Dongguan Goldenhot Plastic & Hardware Products Co., Ltd. ("Goldenhot") and Sound Around initiated a separate action against Defendants Keenray China, Shenzhen Jinglei Chuangxin Youxian Gongsi ("Keenray U.S.") and "U.S. Patent No. D952,810 S *in rem*" seeking a correction of the inventor and ownership information associated with Patent No. D952,810 S and asserting claims of unfair competition, false advertising, and deceptive trade practices. *See generally* No. 23-cv-3289,

ECF No. 1. For the reasons set forth below, the above-captioned cases are consolidated under the lower docket number No. 22-cv-6943.

## BACKGROUND

Plaintiff Sound Around is a New York corporation that imports and sells electronic products, and markets and sells its products both on its own website and the websites operated by third-party marketplaces including Amazon, Inc. ("Amazon"). No. 22-cv-6943, ECF No. 1 ¶¶ 3, 11, 26 (Complaint). Sound Around does not manufacture products but instead purchases, brands and sells products purchased from other vendors and manufacturers. *Id.* ¶¶ 12-13. One product that Sound Around sells through its brand Serenelife is a towel warmer ("Subject Towel Warmer"). *Id.* ¶ 19. On or before early 2021, Sound Around purchased the Subject Towel Warmer from Plaintiff Goldenhot and began selling it on Amazon. No. 23-cv-3289, ECF No. 1 ¶ 28 (Complaint).

Goldenhot is a professional manufacturer based in China that specializes in electronic appliances. *Id.* ¶ 18. Goldenhot applied for both a design and utility model U.S. patent on a towel warmer product in 2018. No. 22-cv-6943, ECF No. 1 ¶ 21. In 2019, Goldenhot redesigned the product and created the Subject Towel Warmer. *Id.* ¶ 23. On August 3, 2020, Goldenhot sold the Subject Towel Warmer to Defendant Keenray China and "branded it for Keenray China by affixing the name Keenray to the product." No. 23-cv-3289, ECF No. 1 ¶ 25. Plaintiffs allege that on November 10, 2020, one of Keenray China's principals, Defendant Danxia Wu, filed a U.S. patent (the "810 Patent") for the Subject Towel Warmer and assigned patent rights to Keenray China without Goldenhot's knowledge. *Id.* ¶¶ 26–27, 29. Plaintiffs allege that Wu listed herself as the sole inventor of the Subject Towel Warmer, but "did not invent or contribute to the invention reflected" in the 810 Patent. *Id.* ¶ 54. Plaintiffs further allege that employees of Goldenhot,

2

Zhaoxiu Hua and Chaowei Qi, are the actual inventors of the design claimed in the 810 Patent. *Id.* ¶¶ 52–53.

Defendant Keenray U.S. is a Chinese limited liability company that sells electronic products in the United States through Amazon. *Id.* ¶ 12. Plaintiffs allege that Keenray U.S. mislabels the towel warmer products that it sells on Amazon with Goldenhot's Electrical Testing Laboratories ("ETL") safety certification mark ("ETL Mark")—a label representing "participation in Intertek's ETL program demonstrat[ing] compliance with the requirements of widely accepted product standards."[1] *Id.* ¶¶ 35–37. Goldenhot alleges that it "received authorization to display" the ETL Mark on the Subject Towel Warmer and that such authorization is specific to Goldenhot. *Id.* ¶ 39. Goldenhot contends that "[e]ven though the Keenray [U.S.] towel warmers are not authentic Goldenhot products, they display Goldenhot's unique ETL certification number." *Id.* ¶ 42.

In September 2022, Keenray China contacted Amazon and demanded that Amazon delist the Subject Towel Warmer alleging that it owns the patent to the towel warmer design and that Sound Around, and other sellers, were infringing on the 810 Patent by selling the Subject Towel Warmer. No. 22-cv-6943, ECF No. 1 ¶¶ 40–41. On October 17, 2022, Amazon delisted the Subject Towel Warmer and sent Sound Around a notice informing it that additional complaints could lead to a total ban from selling products with Amazon. *Id.* ¶ 43.

On November 14, 2022, Sound Around filed an action ("Sound Around Action") against Defendants Keenray China, Wu, and Peng seeking a declaratory judgment and asserting claims of

---

[1] Intertek is a British inspection, product testing and certification company. An ETL mark "demonstrate[s] compliance to the requirements of widely accepted product safety standards . . . . Inspectors, code officials and [a]uthorities [h]aving [j]urisdiction recognize and accept the ETL Mark as proof of product compliance throughout North America as well as other parts of the world." Intertek, "ETL Listed Mark – Frequently Asked Questions," https://www.intertek.com/marks/etl/faq/ (last visited June 23, 2023).

3

unfair competition and tortious interference as related to the 810 Patent and Keenray China's complaints to Amazon. Sound Around also sought a preliminary injunction ordering Defendants Keenray China, Wu, and Peng to refrain from filing or otherwise communicating any allegations of patent infringement by Sound Around to any third party for the duration of the instant litigation relative to the Subject Towel Warmer. The preliminary injunction was granted on December 18, 2022. *See Sound Around Inc. v. Shenzhen Keenray Innovations Limited,* No. 22-cv-6943, 2022 WL 17811475 (E.D.N.Y. Dec. 18, 2022).

On May 1, 2023, Goldenhot and Sound Around filed an action ("Goldenhot Action") against Defendants Keenray China, Keenray U.S. and "U.S. Patent No. D952,810 S *in rem*" seeking a correction of the inventor and ownership information associated with the 810 Patent. The Goldenhot Action complaint further asserts claims of unfair competition, false advertising, and deceptive trade practices as related to the 810 Patent and Keenray U.S.'s alleged misuse of Goldenhot's ETL Mark.

## LEGAL STANDARD

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . or issue any other orders to avoid unnecessary cost or delay." "District courts have broad discretion to determine whether consolidation is appropriate[] and may consolidate actions under Rule 42(a) *sua sponte*. Consolidation should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Noel v. Shinseki*, Nos. 12-cv-6035, 13-cv-152, 2012 WL 431829, at *1 (E.D.N.Y. Jan. 31, 2013).[2]

---

[2] Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

4

## **DISCUSSION**

The Court finds that the Sound Around Action and the Goldenhot Action should be consolidated because they present common questions of law and fact for resolution. *See* Fed. R. Civ. P. 42(a). Plaintiffs' claims in both actions concern a similar set of parties (Goldenhot, Sound Around and Keenray China), the same product (the Subject Towel Warmer), and the same patent (the 810 Patent). Although the Sound Around Action relates to Defendant Keenray China's alleged false claims with Amazon and the Goldenhot Action relates to Defendant Keenray U.S.'s alleged misuse of Goldenhot's ETL Mark, "[t]here are no significant legal and factual distinctions between the two actions that would easily lead to confusion of the issues." *Innovation Ventures v. Ultimate One Distributing Corp.*, Nos. 12-cv-5354, 13-cv-6397, 2014 WL 824304, at *3 (E.D.N.Y. Mar. 3, 2014). Both proceedings concern Defendant Keenray China's claim of ownership of the 810 Patent and the actions that Defendants Keenray China and Keenray U.S. have undertaken as a result. Plaintiffs themselves admit that the factual allegations in the Sound Around Action "[are] highly pertinent to the allegations" in the Goldenhot Action. No. 23-cv-3289, ECF No. 1 ¶ 7. Given that both of the complaints were recently filed and neither action has yet proceeded to discovery, the Court finds that in "the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending multiple lawsuits," the Sound Around Action and the Goldenhot Action shall be consolidated for all purposes.

## **CONCLUSION**

Accordingly, the Court orders the parties to file all future filings in either of the above-named actions only on docket number 22-cv-6943.  Plaintiffs are further directed to file a consolidated amended complaint in that action by July 24, 2023.  The Clerk of Court is directed to administratively close docket number 23-cv-3289.

SO ORDERED.

>                                */s/ Hector Gonzalez*
>                                  HECTOR GONZALEZ
>                                  United States District Judge

Dated: Brooklyn, New York
         June 23, 2023