UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SOUND AROUND INC., d/b/a PYLE USA, DONGGUAN GOLDENHOT PLASTIC & HARDWARE PRODUCTS CO., LTD., d/b/a GOLDENHOT,

                Plaintiffs,

     v.

SHENZHEN KEENRAY INNOVATIONS LIMITED, WENG FENG PENG (a/k/a FENSON PENG), and U.S PATENT NO. D952,810 S,

                Defendants.

**MEMORANDUM & ORDER**
22-CV-6943 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiffs Sound Around Inc. ("Sound Around") and Dongguan Goldenhot Plastic & Hardware Products Co., Ltd. ("Goldenhot") brought this action against Defendants Shenzhen Keenray Innovations Limited ("Keenray China"), Weng Feng Peng, and U.S Patent No. D952,810 S (together, "Defendants"), seeking a declaratory judgment and asserting claims of unfair competition, tortious interference, false advertising, and deceptive trade practices. *See generally* ECF No. 44 (Amended and Consolidated Complaint). Presently before the Court is Defendant Keenray China's motion to vacate the Court's December 18, 2022, Order for Entry of a Preliminary Injunction ("Preliminary Injunction Order"). ECF No. 34. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

      The Court assumes familiarity with the background of this case and only provides a summary of the pertinent facts and procedural history, *see Sound Around Inc. v. Shenzhen Keenray Innovations Ltd.*, No. 22-cv-6943, 2022 WL 17811475 (E.D.N.Y. Dec. 18, 2022).

Plaintiff Sound Around is a New York corporation that imports and sells electronic products, and markets and sells its products both on its own website and the websites operated by third-party marketplaces including Amazon, Inc. ("Amazon"). ECF No. 1 ¶¶ 3, 11, 26. One product that Sound Around sells through its brand Serenelife is a towel warmer ("Subject Towel Warmer"). *Id.* ¶ 19. On or before early 2021, Sound Around purchased the Subject Towel Warmer from China-based company Goldenhot and began selling it on Amazon. *Id.* ¶ 26.

Plaintiff Sound Around alleges that on November 10, 2020, one of Keenray China's principals filed a U.S. patent (the "810 Patent") for the Subject Towel Warmer and assigned patent rights to Keenray China without Goldenhot's knowledge. *Id.* ¶¶ 26–27, 29. Plaintiff further alleges that employees of Goldenhot are the actual inventors of the design claimed in the 810 Patent. *Id.* ¶¶ 52–53.

In September 2022, Keenray China contacted Amazon and demanded that Amazon delist the Subject Towel Warmer alleging that it owns the patent to the towel warmer design and that Sound Around, and other sellers, were infringing on the 810 Patent by selling the Subject Towel Warmer. *Id.* ¶¶ 40–41. On October 17, 2022, Amazon delisted the Subject Towel Warmer and sent Sound Around a notice informing it that additional complaints could lead to a total ban from selling products with Amazon. *Id.* ¶ 43.

On November 14, 2022, Plaintiff Sound Around filed the instant action against Defendants and Amazon.[1] ECF No. 1. Plaintiff sought a declaratory judgment and asserted the following claims: (i) unfair competition in violation of the Lanham Act pursuant to 15 U.S.C. § 1125(a)(1)(B) and New York common law, and (ii) tortious interference with existing and

---

[1]  On November 21, 2022, Amazon was voluntarily dismissed from the action. ECF No. 20.

potential business relationships under New York common law. *Id.* ¶¶ 57–84.

Plaintiff also sought a temporary restraining order ("TRO") and preliminary injunction ordering Defendants to refrain from filing or otherwise communicating any allegations of patent infringement by Sound Around to any third party for the duration of the instant litigation relative to the Subject Towel Warmer. ECF No. 9. On November 16, 2022, the Court granted the TRO and issued an order to show cause ("Order to Show Cause") directing the parties to appear for a preliminary injunction hearing on December 9, 2022. ECF No. 16. On December 9, 2022, the Court held the hearing. On December 18, 2022, the preliminary injunction was granted. ECF Nos. 23, 24.

On February 20, 2023, Defendant Keenray China filed a pre-motion conference letter ("letter-motion") requesting that the Court vacate the Preliminary Injunction Order "on the grounds that the Court lacks personal jurisdiction over Keenray China, and Plaintiff . . . failed to satisfy the four elements required for a preliminary injunction." ECF No. 34 at 1. Defendant Keenray China further argues that this Court cannot exercise jurisdiction over a defendant that is not properly served. *Id.* at 2. On February 27, 2023, Plaintiff filed an opposition. ECF No. 36. The Court converts Defendant Keenray China's letter-motion to the motion to vacate the Preliminary Injunction Order itself.[2]

---

[2] The Second Circuit has "approved the practice of construing pre-motion letters as the motions themselves – under appropriate circumstances." *Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019) (affirming the district court construing pre-motion letters as the motions themselves). A court does not abuse its discretion in construing a pre-motion letter as the motion itself, where the party seeking leave to file the motion had a sufficient opportunity to make the necessary arguments to preserve its position for appellate review. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (affirming the district court converting a pre-motion letter to a motion); *see also Manus Sports Gloves, LLC v. Everlast Worldwide, Inc.*, 759 F. Supp. 2d 459, 460 (S.D.N.Y. 2010) (finding that "the Court is not persuaded that motion practice is warranted at this point" and thus construing letter request for pre-motion conference as a motion).

**LEGAL STANDARD**

"On motion and just terms, the court may relieve a party or its legal representative from a final . . . order[ ] . . . for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect . . . applying [the judgment] prospectively is no longer equitable; or . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b). "By its express terms, Rule 60(b) applies only to final orders, not interlocutory orders." *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2020 WL 9211146, at *4 (E.D.N.Y. Sept. 30, 2020), *report and recommendation adopted*, 2021 WL 855939 (E.D.N.Y. Mar. 5, 2021). [3] "Rule 54(b) allows for reconsideration of non-final orders in the district court's equitable discretion . . . . [D]ecisions referenced in Rule 54(b) may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* at *5.

Courts in this Circuit have found that a preliminary injunction is not a final order. *See e.g.*, *D9 Collection, L.L.C. v. Jimmy Jazz, Inc.*, No. 11-cv-8752, 2012 WL 13034897, at *2 (S.D.N.Y. June 29, 2012) ("Defendants' motion therefore cannot be construed as one for relief from entry of a final judgment or order pursuant to Rule 60(b), as a preliminary injunction is not a final judgment, order, or proceeding that may be addressed by a motion for relief from judgment."). However, the Second Circuit has declined to address whether the Rule 60 standard for final orders or the more flexible Rule 54(b) standard for interlocutory orders applies to preliminary injunctions. *See Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 644 F. App'x 98, 106 n.1 (2d Cir. 2016) (finding that it need "not decide this question as the district court did

---

[3] Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

not abuse its discretion under Rule 54(b) or Rule 60(b)(5)"). Accordingly, the Court will consider whether to vacate its Preliminary Injunction Order under both standards.

## DISCUSSION

Defendant Keenray China argues that the Preliminary Injunction Order should be vacated because: (i) Plaintiff Sound Around failed properly to effectuate service of the preliminary injunction notice on Defendant Keenray China; (i) the Court lacks personal jurisdiction over Keenray China; and (iii) Plaintiff Sound Around failed to satisfy the four elements required for a preliminary injunction.

**I. Plaintiff Sufficiently Effectuated Service of the Motion for a TRO and Preliminary Injunction**

Defendant Keenray China argues that because the Hague Service Convention (the "Hague Convention") "applies in this case" and Plaintiff failed to serve Defendant pursuant to the Hague Convention, "[Plaintiff] Sound Around failed to effectuate service of process." ECF No. 34 at 2. Plaintiff responds that Defendant Keenray China was properly served with process "via its Amazon-registered email" and that Defendant "offers no explanation why it ignored this Court's order to respond in writing by November 30, 2022, and to appear for a hearing on December 9, 2022." ECF No. 36 at 2.

Rule 4(f) of the Federal Rules of Civil Procedure authorizes service on foreign individuals:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

5

>>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>(C) unless prohibited by the foreign country's law, by:
>>>(i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>(3) *by other means not prohibited by international agreement, as the court orders*.

Fed. R. Civ. P. 4(f) (emphasis added). "The rule does not specify any hierarchy and, consistent with the rule, courts in the Second Circuit have repeatedly recognized that there is no hierarchy among the subsections in Rule 4(f). As these courts have found, a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the court may order service pursuant to Rule 4(f)(3)." *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 341 (E.D.N.Y. 2021). Accordingly, Rule 4(f) permits service by other means and does not require "a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." *Id.*; *see also In re Graña y Montero S.A.A. Secs. Litig.*, No. 17-cv-1105, 2019 WL 259778, at *3 (E.D.N.Y. Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 1046627 (E.D.N.Y. Mar. 5, 2019) ("Under Rule 4(f)(3), a plaintiff is not *required* to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3).") (emphasis in original).

In the present case, in granting Plaintiff Sound Around's motion for a TRO, the Court ordered Plaintiff Sound Around to:

>[S]erve a copy of this Order [granting the TRO and setting a preliminary injunction hearing], Plaintiff's complaint, and all other papers that Plaintiff has filed in this case on Defendants, including any legal counsel that Plaintiff knows to represent Defendants in intellectual property matters, by email and by a nationally recognized overnight courier service, in both cases for delivery on or before November 18, 2022, which shall be deemed good and sufficient service thereof.

6

ECF No. 16 at 2.  On December 6, 2022, the Court further ordered Plaintiff Sound Around to "file a declaration by December 7, 2022, affirming their compliance with the requirement to serve a copy of the Court's November 16, 2022 Order and all other papers Plaintiff has filed in this case on Defendants by email and by a nationally recognized overnight courier service." *See* December 6, 2022, Text Order.  On December 7, 2022, Plaintiff Sound Around filed a declaration attaching:  (i) emails it sent to Defendant Weng Feng Peng on November 15 and 16, 2022, ECF No. 21-2;[4] (ii) emails it sent to an email address that is registered with Amazon.com as the email address for Defendant Keenray China's official business dealings with Amazon, *id.*; (iii) emails it sent to counsel, Mr. Zhihua Han, whom Plaintiff Sound Around believed represented Defendant Keenray China in its previous application for a U.S. patent, ECF No. 21-3; (iv) FedEx tracking of the delivery to Mr. Han's office in the United States, ECF No. 21-4; and (v) emails suggesting delivery to Defendant Keenray China's headquarters in China via local courier, ECF Nos. 21-5, 21-6.  On December 9, 2022, the Court held a preliminary injunction hearing, and Defendant Keenray China did not appear for that hearing.  *See* Minute Entry for Proceedings dated December 9, 2022.

      Courts have the discretion to authorize service pursuant to Rule 4(f)(3) and may authorize service via a variety of means including email and mail.  *See Merrimack Mut. Ins. Co. v. New Widetech Indus. Co. Ltd.*, No. 20-cv-546, 2020 WL 5879405, at *1 (D. Conn. Oct. 2, 2020) ("The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.").  "Under Rule 4(f)(3), a court may fashion means of service on an individual in a foreign country, so long as the ordered means of

---

[4]    Plaintiff Sound Around had previously successfully corresponded with Mr. Weng Feng Peng at this email address.  *See* ECF No. 21-2 at 2–9.

7

service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Grp. One Ltd.*, 523 F. Supp. 3d at 342.

> A. *Service of the Motion for a TRO and Preliminary Injunction by Email is Not Prohibited by International Agreement*

"The United States and The People's Republic of China are both signatories to the Hague Convention. The People's Republic of China objects to service by the methods provided for in Article 10, which include service of process by mail. Some courts have found that service by email is not appropriate where defendants are in a country that objects to service through postal channels under Article 10. However, other courts distinguish service by email from service by postal mail since postal service is expressly provided for in Article 10 while email is not." *Gang Li v. Dolar Shop Rest. Grp., LLC*, No. 16-cv-1953, 2019 WL 4393637, at *1–2 (E.D.N.Y. Sept. 13, 2019). Acknowledging that courts in the Second Circuit "have come to the opposite conclusion," a recent case relied on by Defendant Keenray China, *Smart Study Co., Ltd. v. Acuteye-US*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022), concludes "that service via email on litigants located in China is not permitted by the Hague Convention." *Id.* at 1393–97. In *Smart Study*, the court denied the plaintiff's motion for default judgment holding that the Hague Convention prohibits service by email on defendants located in China. *Id.* Despite this conclusion, the *Smart Study* court has not vacated the preliminary injunction entered in the case against those defendants located in China and has not dismissed the action for lack of personal jurisdiction against those defendants. *Id.* at 1388, 1392 n.5 (finding that the "bell had already been rung" and noting that the court's decision to issue the preliminary injunction "was decided in a vacuum"). At this time, the Second Circuit has not expressly determined whether the Hague Convention permits service by email. *See Smart Study Co. Ltd. v. Happy Part-001*, No. 22-cv-

8

1810, 2023 WL 3220461 (2d Cir. May 3, 2023) (dismissing interlocutory appeal and declining to consider denial of the motion for default judgment on the merits).

In light of the circumstances present in this case, the lack of clarity from the Second Circuit, and the decision of the court in *Smart Study* not to vacate its preliminary injunction order despite its conclusion that "service via email on litigants located in China is not permitted by the Hague Convention," 620 F. Supp. 3d at 1393, the Court will not vacate the Preliminary Injunction Order on the basis that service by email is prohibited by the Hague Convention.[5]

B. *Service of the Motion for a TRO and Preliminary Injunction by Email Satisfies Due Process*

"To satisfy due process, the means of service must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Service by email is considered appropriate where the plaintiff can show that the person to be served is likely to receive the summons and complaint at the email address provided." *Gang Li*, 2019 WL 4393637, at *1–2.

With respect to due process, the Court finds that Defendant Keenray China was made aware of the pendency of the preliminary injunction hearing with enough time to appear or to request an adjournment but did not do so. "Courts have approved service by email in cases where the defendant runs an online business . . . the email address is used regularly for communication, and/or where it has been verified that the defendant has already responded to emails at the given address." *Id.* at *2. Plaintiff Sound Around had previously successfully

---

[5] The Preliminary Injunction Order which directs Defendants to "[r]efrain from filing or otherwise communicating any allegations of patent infringement by Sound Around to any third party . . . relative to the Sound Around towel warmer product referenced in the Complaint" is only valid for "the duration of the instant litigation." ECF No. 24. Accordingly, the Court will consider whether this Court possesses personal jurisdiction upon the filing of Defendants' motion to dismiss the action, if any.

9

corresponded with Mr. Weng Feng Peng, principal officer of Defendant Keenray China, at the email address it used to notify him. *See* ECF No. 21-2 at 2–9 (attaching emails sent between Mr. Peng and Plaintiff's counsel from October 24 through October 28, 2022, prior to the commencement of the instant action on November 14, 2022). Moreover, the email address used to notify Defendant Keenray China "is registered with Amazon.com as the email address for [Defendant] Keenray[] [China's] official business dealings with Amazon." ECF No. 21 ¶ 2. Plaintiff Sound Around also emailed Defendants' U.S. patent counsel. *Id.* ¶ 3. Following entry of the Preliminary Injunction Order on December 18, 2022, counsel for Defendants promptly appeared. *See* ECF Nos. 25, 26 (Notices of Appearance for Defendants' counsel on December 22, 2022).

In light of the aforementioned, "[i]t can . . . hardly be said that service by email failed to apprise the [defendants] of the initiation of [the] litigation [and the motion for a TRO and preliminary injunction] and to provide them with an opportunity to register their objections to it." *Mattel, Inc. v. Animefun Store*, No. 18-cv-8824, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020). Accordingly, the Court finds that service by email of the motion for a TRO and preliminary injunction comports with due process. *See Grp. One Ltd.*, 523 F. Supp. 3d at 341 ("Courts have found service by email to satisfy due process where defendants conducted business using the relevant email address and defendants appeared in court subsequent to service by email."); *see Mattel*, 2020 WL 2097624, at *5 (finding that service by email comported with due process where defendants "engaged in online business and regularly communicated with customers through email").

## II.    The Court Has Personal Jurisdiction Over Defendant Keenray China

Defendant Keenray China argues that this Court "cannot enter injunctive relief – even preliminary – before addressing challenges to personal jurisdiction and venue." ECF No. 34 at 2–3.  As discussed at length in *Sound Around Inc. v. Shenzhen Keenray Innovations Ltd.*, No. 22-cv-6943, 2023 WL 4163115, at *3–5 (E.D.N.Y. June 23, 2023), "the Court finds that . . . Plaintiff [Sound Around] makes a prima facie showing of personal jurisdiction with respect to Keenray China pursuant to CPLR § 302(a)(3)(ii). . . .".  In light of the Court's earlier finding that Plaintiff Sound Around sufficiently effectuated service of its Motion for a TRO and preliminary injunction, the Court finds Defendant Keenray China's claim that this Court lacks personal jurisdiction to enter the Preliminary Injunction Order to be unpersuasive.

## III.    Plaintiff Satisfied the Four Elements Required for a Preliminary Injunction

Defendant Keenray China argues that the Preliminary Injunction Order should be vacated for the following reasons:  (i) Plaintiff Sound Around is unlikely to succeed on the merits of the action because Plaintiff relies on a declaration of a Goldenhot employee which is allegedly inaccurate; (ii) Plaintiff Sound Around has failed to prove that it will suffer immediate and irreparable injury because the alleged harm is "speculative"; (iii) the balance of hardships tips in favor of Defendant Keenray China because it is "Sound Around's own choice to sell infringing products"; and (iv) the public interests favors Defendant Keenray China because there is a strong interest in protecting patent owners' rights.  ECF No. 34 at 3–5.  Plaintiff Sound Around responds that it has sufficiently demonstrated the risk of irreparable injury and suggests that Defendant "Keenray [China] seeks to avoid scrutiny of its U.S. Patent by avoiding U.S. [c]ourts."  ECF No. 36 at 2–3.

A party seeking a preliminary injunction must establish, by clear and convincing evidence: "(1) a likelihood of success on the merits[;] (2) that the plaintiff is likely to suffer irreparable injury in the absence of an injunction[;] (3) that the balance of hardships tips in the plaintiff's favor[;] and (4) that the public interest would not be disserved by the issuance of the injunction." *Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25, 25–26 (2d Cir. 2018).

For the reasons provided in the Court's Order dated December 18, 2022, *see Sound Around Inc. v. Shenzhen Keenray Innovations Ltd.*, No. 22-cv-6943, 2022 WL 17811475, at *3–5 (E.D.N.Y. Dec. 18, 2022), the Court finds that Plaintiff sufficiently satisfied and continues to satisfy the requirements for a narrow and specific preliminary injunction directing Defendants to refrain from filing or otherwise communicating any allegations of patent infringement by Sound Around to any third party for the duration of the instant litigation relative to the Subject Towel Warmer. The Court further finds that Defendant Keenray China has failed to demonstrate "mistake, inadvertence, surprise, or excusable neglect" or lack of equity warranting vacatur of the Preliminary Injunction Order. Fed. R. Civ. P. 60(b). Defendant Keenray has also failed to point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *New Falls Corp.*, 2020 WL 9211146, at *4 (discussing standard for reconsideration under Rule 54(b)). In fact, Goldenhot and Sound Around have since filed an action against Defendant Keenray China seeking a correction of the inventor and ownership information associated with the 810 Patent, further bolstering Plaintiff Sound Around's likelihood of success on the merits. *See Sound Around Inc. v. Shenzhen Keenray Innovations Limited*, Nos. 22-cv-6943, 23-v-3289, 2023 WL 4163438 (E.D.N.Y. June 23, 2023) (consolidating the action filed by Sound Around against Defendants with the action

filed by Goldenhot and Sound Around against Defendants Keenray China, Keenray U.S. and U.S. Patent No. D952,810 S). Accordingly, the Preliminary Injunction Order, which simply directs Defendant Keenray China to refrain from communicating allegations of patent infringement by Plaintiff Sound Around to any third party for the duration of the instant litigation relative to the Subject Towel Warmer, is sufficiently narrowly tailored and does not present manifest injustice.

## **CONCLUSION**

For the reasons stated previously, Defendant Keenray China's motion to vacate the Preliminary Injunction Order is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
July 28, 2023

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge