# GLACIER LAW LLP

WEI WANG*  
RUOTING MEN*

41 MADISON AVENUE, SUITE 2529  
NEW YORK, NY 10010  
EMAIL: INFO@GLACIER.LAW  
WEB: WWW.GLACIER.LAW

TELEPHONE (332) 777-7315  
FACSIMILE (312) 801-4587  
*Admitted in New York

**August 18, 2023**

<u>**Via Electronic Case Filing**</u>

Honorable Hector Gonzalez  
United States District Court  
Eastern District Of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re: *SOUND AROUND, INC., and DONGGUAN GOLDENHOT PLASTIC & HARDWARE PRODUCTS CO., LTD v. SHENZHEN KEENRAY INNOVATIONS LIMITED, WENG FENG PENG (a/k/a FENSON PENG), and U.S. Patent No. D952,810 S, in rem.*  
      Case No: 22-cv-06943-HG

<u>**Request for Pre-motion Conference**</u>

Dear Judge Hector Gonzalez:

      We represent Defendant Weng Feng Peng ("Defendant") in the above-referenced action. In accordance with Your Honor's Individual Practices, we write to request a pre-motion conference to address Defendant's proposed motion to dismiss the Amended Complaint. Without submitting himself to the jurisdiction of this Court and without waiving any of its rights or defenses, Defendant seeks to dismiss the Amended Complaint on the grounds that the Court lacks personal jurisdiction over Defendant Weng Feng Peng.

      On June 23, 2023, this Court issued an Order (the "Order") granting Defendant's Motin to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court concluded that "although it may exercise specific personal jurisdiction against Defendant Peng pursuant to an agency theory of personal jurisdiction, doing so would violate Defendant Peng's due process rights." *See* Dkt. 43, p. 4. Even though Plaintiff has not sought leave to amend its complaint, the Court still grants Plaintiffs leave to file a consolidated amended complaint. *See* Dkt. 43, p. 4. However, Plaintiffs fail to cure the deficiency in the Amended Complaint and still fails to provide any specific allegations of minimum contacts with New York as requested by the Court.

      **First, Plaintiffs fail to meet their burden of establishing personal jurisdiction pursuant to CPLR § 302(a)(1)**. "Section 302(a)(1) has two prongs: (1) the defendant must have transacted business within the state, either itself or through an agent, and (2) the cause of action must arise from that business activity. . . . In determining whether a defendant is purposefully transacting business in New York, a court must look at the quality of the defendant's New York

contacts." *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 335 (E.D.N.Y. 2021). Plaintiffs still does not allege that Defendant transacted business "to supply goods or services" within New York in the Amended Complaint. *See* Dkt. 43, p. 7. Therefore, Plaintiffs fails to establish the personal jurisdiction pursuant to CPLR § 302(a)(1).

**Second, Plaintiffs fail to meet their burden of establishing personal jurisdiction pursuant to CPLR § 302(a)(3)(ii)**. This Court concluded that Plaintiff has failed to establish the fourth and fifth elements that must be satisfied to establish specific jurisdiction under CPLR § 302(a)(3)(ii). *See* Dkt. 43, pp. 8-10. In the Amended Complaint, Plaintiff again fails to plead that Defendant itself has a purposeful New York Affiliation. *Zanotti v. Invention Submission Corp.*, No. 18-cv-5893, 2020 WL 2857304, at *15 (S.D.N.Y. June 2, 2020). Plaintiff also fails to plead that Defendant personally derived substantial revenue from interstate or international commerce. *Siegel v. Holson Co.*, 768 F. Supp. 444, 446 (S.D.N.Y. 1991). Therefore, Plaintiffs fail to meet their burden of establishing personal jurisdiction pursuant to CPLR § 302(a)(3)(ii).

**Third, the exercise of personal jurisdiction would violate Defendant's due process right**. The Court noted that "Plaintiff does not address due process in its opposition to Defendants' motion to dismiss." *See* Dkt. 43, p. 15. In the Amended Complaint, Plaintiff still fails to provide any allegations that exercise of personal jurisdiction would not violate Defendant's due process. "The strictures of the Due Process Clause forbid a state court to exercise personal jurisdiction over [a party] under circumstances that would offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987). As stated in Defendant's affidavit, Defendant has no minimum contract with this forum state. See Dkt. 39-2, ¶¶ 1–17. Plaintiff also does not dispute that Defendants have no minimum contact with the forum state in its opposition to Defendant's motion to dismiss. Plaintiff further fails to provide any allegation regarding Defendant's minimum contacts with this forum state. Therefore, it would violate Defendant's due process if this Court exercise personal jurisdiction over Defendant.

Pursuant to Your Honor's Individual Practices, Defendant will address the merits of its proposed motion to dismiss at the pre-motion conference and will file its full motion at the Court's request.

              Respectfully submitted

              By: /s/   Wei Wang
              Wei Wang
              Glacier Law LLP
              41 Madison Avenue, Suite 2529
              New York, NY 10010
              ***Attorney for Defendant Weng Feng Peng***

Cc:    Counsel of Record *Via ECF*