**Ostrolenk Faber** LLP
*Intellectual Property Law*

845 Third Avenue
New York, New York 10022
212.596.0500
Fax 212.382.0888
www.ostrolenk.com
email@ostrolenk.com

*Partners*
Robert C. Faber
Max Moskowitz
William O. Gray, III
Kourosh Salehi**
Charles C. Achkar, Ph.D.

*Attorneys*
James A. Finder
Mark A. Farley
Marian E. Fundytus, Ph.D.
Paul Grandinetti*

*Patent Agent*
Joseph C. Suhadolnik, Ph.D.

*Jurisdictions*
*DC Bar
**DC & CT Bars

<u>VIA ECF</u>                                                                                     August 24, 2023
Hon. Judge Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  Sound Around, Inc., D/B/A Pyle USA, Dongguan Goldenhot Plastic & Hardware Products Co., Ltd., D/B/A Goldenhot v. Shenzhen Keenray Innovations Limited, Weng Feng Peng (A/K/A Fenson Peng), and U.S Patent No. D952,810 S
> Case No: 22-cv-06943-HG

Dear Judge Gonzalez:

We represent Plaintiffs, Sound Around and Goldenhot, in the above-captioned consolidated action and respond to Defendants' letter dated August 18, 2023 requesting a pre-motion conference to move to dismiss this action <u>in its entirety</u> (Docket 48).

The "notice pleading" requirements of the Federal jurisprudence mandate that the complaint fully convey and describe to the defendant(s), here to the corporate defendant Keenray and to its principal Fenson Peng, the nature of the acts and conduct ascribed to them that gives rise to the relief and judgments being sought, and the legal basis thereof.

The Amended and Consolidated Complaint ("ACC") (Docket 44) herein (which was filed for the sole purpose of establishing <u>personal jurisdiction</u> over the Defendant Fenson Peng) meets the "notice pleading" requirement in language that is clear, precise and sufficiently detailed as to leave no doubt at all in the mind of the ordinary reader regarding the acts ascribed to the Defendants, the relief being sought and the legal basis thereof, as demonstrated below.

Thus, the ACC clearly conveys that the towel warmer ("the Patented Towel Warmer") shown in full detail (down to the location of screws) in the involved '810 patent was actually invented by employees of Plaintiff Goldenhot, with no contribution at all from anyone associated with Defendant Keenray, and certainly not from the listed inventor Danxia Wu. Indeed, prior to the filing for the application for the '810 patent, Goldenhot delivered/sold to Keenray 10,000 units of that very same

Patented Towel Warmer, months prior to the filing for the '810 patent. The Patent Act of the U.S. permits only the inventor(s) of a product to seek a patent thereon. Knowingly filing for a patent that one has not actually invented constitutes "inequitable conduct" that can render the ultimately issued patent invalid and unenforceable. The ACC clearly conveys that this is exactly what the defendants herein have done, i.e., they have caused the application for the '810 patent to be filed with knowledge that the filing thereof is improper and contrary to the Declaration they have submitted that Danxia Wu has "invented" the subject towel warmer.

In time, Goldenhot began selling the identical Patented Towel Warmers to other customers, including to the plaintiff herein Sound Around, to which Goldenhot affixed Sound Around's registered trademark Serenelife. Sound Around, in turn, then sold those Serenelife warmers to Amazon, so Amazon could sell them to the ultimate consumer.

Upset with the competition from the Sound Around Serenelife warmers, Defendant Keenray accosted Sound Around's customer Amazon and demanded that Amazon cease selling the Serenelife warmers. Amazon succumbed to Keenray's demands and informed Sound Around that it has stopped selling Sound Around's Serenelife warmers, warning Sound Around that it might cease doing business with Sound Around altogether, should it receive future complaints that Sound Around is marketing products that infringe on third party patents. This law suit ensued. Parenthetically, shortly after the filing of this action, Sound Around convinced Amazon to restore selling its Serenelife warmers, by providing to Amazon an agreement to indemnify and hold Amazon harmless from any and all claims that Amazon might be exposed to involving the '810 patent.

Meanwhile, in China, even prior to the filing of this action, Goldenhot's and Keenray's business relationship soured and Goldenhot ceased selling to Keenray the Patented Towel Warmers. Yet, Goldenhot learned that Keenray is continuing to sell large quantities of towel warmers that appear IDENTICAL to the Patented Towel Warmers that Goldenhot had been previously selling for Keenray. Upon further investigation, Goldenhot learned that Keenray has taken the towel warmer of Goldenhot to another manufacturer in China who duplicated its outward appearance, with only some changes to the internal electrical parts thereof. Since Keenray needed an ETL safety compliance certificate for its modified towel warmer, it falsely and illegally affixed to it Goldenhot's ETL Certificate.  In other words, Keenray wrongfully and misleadingly applied Goldenhot's ETL product Certification to a different, look-alike towel warmer, and has thereby deceived, not only Goldenhot and Sound Around, but, more importantly, the ultimate consumers. The second action was then filed, averring unfair competition and other grounds for relief.

The factual allegations upon which the present consolidated action are based are fully detailed and leave nothing to conjecture or guesswork. And insofar as the instant Defendants argue that, contrary to the Complaint allegations, Keenray personnel participated with Goldenhot in making the invention presented in the '810 patent, those allegations are simply untrue and must be ignored, regardless, for the purposes of a motion to dismiss.

Turning to the actual COUNTS in the ACC, the first, COUNT I avers, *inter alia*, that:

92. *The Keenray Defendants knew that Wu is not the true "inventor" of the subject towel warmer design. Nevertheless, the Keenray Defendants worked in concert to submit fraudulent claims to the U.S. Patent Office and made numerous false and fraudulent statements to the Patent Office. ...*

93. *The Keenray Defendants successfully defrauded the Patent Office and secured the '810 Patent, which issued in May 2022.*

94. *Under 35 U.S.C. 102(a)(1), an applicant is not entitled to a patent if the claimed subject matter was publically available before the effective filing date of the application. Before the filing of Wu's patent application, the towel warmer design had been sold by several retailers, including Defendant Keenray, all of whom had received the product at wholesale from Goldenhot.*

95. *Also under the U.S. Patent Laws, only a true and correct inventor is permitted to file an application to secure a patent. Knowingly filing for a patent, when you are not an inventor, results in the ensuing patent being "invalid" and "unenforceable."*

The only "fault" that defendants ascribe to this COUNT I is super-pedantic, formalistic and easily correctable. Defendants object to the brief description appearing under the count heading. They contend that the reference to "infringement" is incorrect, as the actual allegations under this count are based on the patent's invalidity and enforceability aspects. If so, Plaintiffs propose that the "heading" under COUNT I be amended from "*Sound Around's SA Towel Warmer Does Not Infringe on Keenray's '810 Patent – No Infringement of the Patent in Violation of 35 U.S.C. §271*" to "**Sound Around's Towel Warmer Cannot be Liable for Infringing the '810 patent Given that the '810 patent is Invalid, Unenforceable and/or Rightly-Owned by Goldenhot.**" This minor edit to the "heading" of this count fully disposes and moots the entire basis for dismissing Count I as being advanced by Defendants. Rather strangely, instead of answering the complaint and asserting counterclaims that Plaintiffs have infringed on Keenray's '810 patent, Keenray is angling for delay and/or for ways to wiggle out of the present action altogether.

{02872808.1}

The second, COUNT II interposes claims for unfair competition under the Lanham Act, very explicitly averring (in Par. 102):

*The Keenray Defendants' acts of directing Amazon to delist Sound Around's product on the basis of alleged patent infringement, even though they knew that they obtained the '810 Patent through fraud, constitutes a violation of the Lanham Act. See Zenith Elecs. Corp. v. Exzec, Inc., 182 F.3d 1340, 1353-54 (Fed. Cir. 1999), holding that a bad faith infringement allegation supports a Lanham Act cause of action for unfair competition.*

In *Zenith Electronics,* the Federal Circuit made it very clear that accusing competing products of infringing one's patent, while knowing that is not so, amounts to disparagement of the other's product qualities, i.e., its availability to being purchased, and constitutes unfair competition under the Lanham Act. Here, Keenray effectively lied to Amazon when they scared Amazon into (falsely) believing that the Goldenhot warmers that Amazon was purchasing from Sound Around are "infringing" products. And as Defendants argue, proof of common law infringement parallels the proof of Lanham Act violations, therefore requiring no separate response/discussion.

Moreover, misrepresenting the qualities of one's own goods constitutes unfair competition under the Lanham Act. Keenray falsely advertised, by mislabeling its products, that its products are ETL certified, when they were not. They falsely affixed Goldenhot's ETL Certification label to their untested and (then) uncertified products, thereby deceiving consumers. Count II is proper.

As regards the Count III for Tortious Interference with Existing and Potential Business Relationships, Defendants argue that it should be dismissed because Under New York law a claim for tortious interference must allege, and Plaintiffs have failed to allege that: (1) Sound Around had a business relationship with Amazon; (2) Keenray knew of that relationship and intentionally interfered with it; (3) Keenray acted solely out of malice, or used dishonest, unfair, or improper means; and (4) Keenray's interference caused injury to the relationship. Of course Keenray acted with "malice" and "intentionally" when it sought to destroy Sound Around's business relationship with Amazon.

As regards, the Counts that concern the ETL matter, the Defendants are protesting that they eventually, easily procured an ETL Certification no. 5026240 of their own. What they fail to reveal is that they needed to qualify a new product and have gone through this process only after they were caught "red handed" by Goldenhot. Meanwhile, they fooled the American public by displaying Goldenhot's ETL Certification.

Lastly, Defendants contend that Goldenhot does not have the "standing" to raise the issue that Goldenhot employees are the rightful inventors and that, therefore, Goldenhot should be adjudged to

own the '810 patent. Of Course, Goldenhot was damaged by Keenray's causing Sound Around and other Goldenhot customers to lose sales while these products were taken off sale by Amazon. Goldenhot and its customers are being threatened and damaged by the existence of the '810 patent to this day. Keenray has not shown sufficient grounds to dismiss any of the counts of the ACC.

To bolster its case, Keenray attached to its pre-motion letter a Declaration of Defendant Fenson Peng, with an attached Exhibit 5. In fact, the Exhibit 5 contains a November 2020 WeChat dialog between Goldenhot's principal Mr. Xiuhua Zhao and the Defendant Mr. Peng (identified with the letter "F"). On November 19, 2020, Goldenhot's Mr. Zhao directed Mr. Peng:

赵修华 (固豪实业)  11-19 14:11
彭总：请尽快在美国申请一下咱们毛巾桶的外观专利吧

Zhao Xiuhua (Guhao Industries)
Mr. Peng, please apply for the design patent on our towel bucket in the U.S. as soon as possible.

Unbeknown to Mr. Zhao, Mr. Peng had, by then, already done so, having filed for the '810 patent on November 10th, (fraudulently listing his partner Danxia Wu as the inventor and assigning the patent to Keenray). This secret patent filing in the name of Keenray became known to Mr. Zhao years later, in 2022, when Mr. Peng proceeded to use the '810 to dislodge Goldenhot's customers (including Sound Around) off the Amazon selling portal. In Exhibit A hereto, Goldenhot presents several of the documents and chronology that establishes conclusively that long prior to selling the Patented Towel Warmer to Keenray, Goldenhot offered it to a potential customer in the U.S.

At bottom, the documents already collected should enable Goldenhot to eventually move for a summary judgement that either (a) declares the '810 to be invalid and unenforceable because Mr. Peng/Keenray filed for this patent with "intent" to deceive the PTO or (b) if the "intent" element of inequitable conduct is not established, a judgement that the actual inventor is Goldenhot's Mr. Zhao (which would cause the ownership of the '810 patent to pass to Goldenhot). Indeed, once the ownership of the '810 patent shall have passed to Goldenhot, it should then be in a position to seek to add a Count for patent infringement against Keenray relative to the towel warmers that Keenray procured from vendors other than Goldenhot.

Respectfully submitted,

OSTROLENK FABER LLP

/s/*Max Moskowitz*
Max Moskowitz
*Attorneys for Plaintiff, Sound Around, Inc. and Goldenhot*

cc: Counsel of Record via ECF

{02872808.1}