UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOUND AROUND, INC., and DONGGUAN GOLDENHOT PLASTIC &HARDWARE PRODUCTS CO., LTD,<br><br>**Plaintiffs,**<br><br>v.<br><br>SHENZHEN KEENRAY INNOVATIONS LIMITED, WENG FENG PENG (a/k/a FENSON PENG), and U.S. Patent No. D952,810 S, in rem.<br><br>**Defendants.** | Civil Action No: 22-cv-06943-HG |

**DEFENDANT SHENZHEN KEENRAY INNOVATIONS LIMITED'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Shenzhen Keenray Innovations Limited ("Keenray"), by and through its counsels, submit this Reply to Plaintiffs Sound Around, Inc ("Sound Around") and Dongguan Goldenhot Plastic &Hardware Products Co., LTD ("Goldenhot," or collectively with Sound Around as "Plaintiffs") Opposition to Keenray's Motion to Dismiss Plaintiffs' Amended Complaint ("Opposition"), pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6).

## I. INTRODUCTION

Plaintiffs' Opposition is illogical, baseless, and difficult to substantiate. notably, Plaintiffs fail to cite a single case to support their arguments. *Rothberg v. Phil's Main Roofing, LLC*, No. 14-CV-10195 (NSR), 2017 WL 1162904, at *3 (S.D.N.Y. Mar. 24, 2017). Without the precedents, Plaintiffs' arguments are merely presumption without any legal basis and should be denied.

*First*, Keenray is shocked that Plaintiffs intend to change their position by stating that "to the extent that the scope of the '810 patent is such that it includes subject matter not included in

1

the CL1 Keenray towel warmer, then employee(s) of Goldenhot who conceived and implemented the CL1 product are and should be joined as co-inventors on the '810 patent pursuant to 35 U.S.C. § 256." *See* Dkt. 59, p.7. It is unclear whether there is any "subject matter" in the U.S. Patent No. D952,810 (the "'810 Patent") that do not include in the CL1 Keenray towel warmer. It seems like that Plaintiffs' new position is that the CL1 Keenray towel warmer is different from the '810 Patent and the '810 Patent was designed by Keenray and Goldenhot. Anyway, both the Plaintiffs' previous and current position are groundless and baseless. This new position is also entirely opposite to Plaintiffs' first Claim that the '810 Patent is invalid under 35 U.S.C. § 102(a)(1) because Goldenhot previously alleged that it has disclosed the design before the application. If the CL1 Keenray towel warmer is substantially different from the '810 Patent as alleged by Plaintiffs, their Claim I for no infringement should be denied. Further, as shown in the communication, Goldenhot only provided some advice based on the technical issue as a manufacturer. *See* Dkt. 56-8, p. 12. Neither Goldenhot nor its employees have ever conceived of the ornamental design of the '810 Patent. *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1352 (Fed. Cir. 1998).

**Second**, Plaintiffs deliberately ignore the facts that Keenray has informed Goldenhot that it will apply for the design patent on October 7, 2020. *See* Dkt. 56-1, p. 8. On November 10, 2020, when Goldenhot notified Keenray to apply the patent, Keenray clearly informed Goldenhot that it has filed the application for the design patent. *Id*. Plaintiffs have also failed to explain why Goldenhot would request Keenray to authorize its client to sell the Blanket Towel Warmer bearing the design of the '810 Patent to United States. *Id*. In fact, any explanation would contrary to their allegations in their Amended Complaint and directly establish the fact that Keenray is the rightful owner of the '810 Patent.

**Third**, Plaintiffs attempted to misrepresent the fact by Helen's declaration again. Helen

alleges that "before June 2020, neither I (nor other Goldenhot employees) knew of Keenray or of its principals and managers." See Dkt, 59-1, ¶5. "Keenray initiated its relationship with Goldenhot and first contacted Goldenhot on June 18, 2020." *Id*. at ¶6. It is entirely a misrepresentation. Keenray's shareholder, JinZhou Fang, contacted Goldenhot on behalf of Keenray as early as July 2019. *See* Decl. of Fang, ¶3. Goldenhot's employee, Tang Afen, also sent a Quotation for its products, including another model of towel warmer on August 1, 2019. *Id*. The Quotation shows that it was audited by Goldenhot's CEO, Xiuhua Zhao. *Id*. Notably, Sound Around used Keenray's design document of the '810 Patent in another case to sue another entity. *See* Exhibit A. The Exhibit of the Jerry Brach's declaration in case 1:23-cv-05429 in United States District Court Eastern District of New York, is exactly the same document provided by Keenray in this case. *See* Dkt. 39-4.

Therefore, Plaintiffs Opposition is based on multiple misrepresentations without support by any legal authorities and Plaintiffs' Amended Complaint should be dismissed without leave to amend.

## II. ARGUMENT

### A. Goldenhot's Claim for Correction of Named Inventor and Owner of the U.S. Patent No. D952,810 Should be Dismissed.

**First**, Keenray has made it clear in its Motion to Dismiss [Dkt. 56] that the 35 U.S.C. § 256 does not apply in this case because a total substitution of original sole inventor is not allowed under this rule and this rule does not deal with fraud on the PTO. *See* Dkt. 56, pp. 4-5. Plaintiffs simply failed to provide any argument to explain why they are be able to seek the correction relief while Keenray has provided multiple precedents to show that Plaintiffs have not rightful relief under 35 U.S.C. § 256. In their Opposition, Plaintiffs provide nothing more than the conclusory statement that the '810 Patent was designed by Goldenhot's employees. *See* Dkt. 59, p. 11. **It is**

3

**ironically and problematic that Plaintiffs changed their position in the Amended Complaint and alleged that they were seeking to add Goldenhot's employees as the additional inventors**. *See* Dkt. 59, p. 11. This "clarification" is entirely inconsistent with Plaintiffs allegations in their Amended Complaint. Further, any amendment is futile because there are no facts that Plaintiffs could plausibly allege, consistent with their previous submissions, may support their relief to correct the inventorship under 35 U.S.C. § 256. *Maxwell v. Stanley Works*, 2006 WL 1967012 (M.D. Tenn. 2006), judgment aff'd, 2008 WL 116345 (Fed. Cir. 2008); *Michael v. Bell*, No. 11-CV-4484, 2012 WL 3307222, at *7 (N.D. Ill. Aug. 13, 2012).

**Second**, Goldenhot still fails to show the alleged invention in the '810 Patent. The Plaintiff's efforts to establish Goldenhot as the inventor of the patent through a declaration have, in fact, revealed further false statements made by the plaintiff. As above mentioned, Keenray's shareholder, JinZhou Fang, contacted Goldenhot on behalf Keenray as early as July 2019. *See* Decl. of Fang, ¶3. Goldenhot's employee, Tang Afen, also sent a Quotation for its products, including another model of towel warmer on August 1, 2019. *Id*. The Quotation shows that it was audited by Golenhot's CEO, Xiuhua Zhao. *Id*. However, Golenhot's employee Helen testified under penalty of perjury that "Keenray initiated its relationship with Goldenhot and first contacted Goldenhot on June 18, 2020." *See* Dkt.59-1, ¶6. It is not the first time that Helen has provided misrepresentation to the Court. *See* Dkt. 34, p. 4. Further, the alleged emails provided by Helen, like the alleged hinged towel warmer design showed in Plaintiffs Amended Complaint [Dkt. 44, ¶22], cannot support Goldenhot's alleged invention. Notably, even though Keenray has provided its original design of the '810 Patent and attacked Goldenhot's alleged invention for multiple times, Goldenhot still fails to provide any direct evidence to show its alleged invention. Moreover, the alleged inventor Xiuhua Zhao and Chaowei Qi also did not provide any evidence to prove their

4

alleged invention.

**Third**, Goldenhot still fails to allege any concrete financial interest or reputational injury and thus, Goldenhot has no standing to seek correction of inventorship under 35 U.S.C. § 256. *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1326 (Fed.Cir.2009)

Therefore, Plaintiffs' Claim COUNT IV should be dismissed without leave to amend.

### B.   Plaintiffs' Count I for No Infringement Should Be Dismissed.

**First**, Plaintiffs' Claim for correction of inventorship requests the '810 Patent remains valid. It contradicts the Plaintiffs' Claim for no infringement based on the invalidity and unenforceability of the '810 Patent. Therefore, at least one of the Claims should be denied.

**Second**, Plaintiffs misrepresented Keenray's position and statement by stating that Keenray misinterpreted Plaintiffs' Claim I. It is an established fact that Plaintiffs do not dispute that Sound Around's Towel Warmer Products are same or substantially similar to the design of '810 Patent. It is unclear why Plaintiffs alleges that "to the extent that the '810 patent drawings differ in any respect from the physical towel warmer created by Goldenhot employees and provided to Keenray." *See* Dkt. 59, p. 5. It seems like that Plaintiffs changed their position to the products sold by Goldenhot to Sound Around are different from the design of the '810 Patent. This statement is clearly contrary to Plaintiffs' allegation in their Amended Complaint that '810 Patent is invalid under Rule 35 U.S.C. 102(a)(1). *See* Dkt. 44, ¶94.

**Third**, Plaintiffs' Claim I based on the allegation that the '810 Patent was designed by Goldenhot's employees. However, as mentioned above, Plaintiffs fail to provide any evidence showing the alleged invention.

Therefore, Plaintiffs' Claim I for no infringement should be denied.

### C.   Plaintiffs' Count II for Unfair Competition Should Be Dismissed

**First**, Plaintiffs accused Keenray of failing to distinguish *Zenith Elecs* case, which is the

5

only case Plaintiffs mentioned in their Opposition. Plaintiffs cited the *Zenith Elecs* case in their Amended Complaint to allege that bad faith infringement allegation supports a Lanham Act cause of action for unfair competition. *See* Dkt. 44, ¶101. "Obviously, if the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1354 (Fed. Cir. 1999). Here, Keenray filed the application for the '810 Patent since November 2020. Goldenhot did not disputed Keenray is the rightful owner of the '810 Patent and sought Keenray's authorization allowing its client to sell the towel warmer products in United States until Sound Around filed this lawsuit. *See* Dkt. 56-1, pp. 1-2. This case is distinguished with the *Zenith Elecs* case because Keenray reasonably believes that it is the rightful owner of the '810 Patent. Plaintiffs fail to show the alleged bad faith of Keenray who enforced its valid patent.

**Second**, Plaintiffs allege that Keenray did not file a patent infringement suit and Keenray's infringement complaint to Amazon is not presumed to be brought in good faith. *See* Dkt. 59, p.9. However, if Plaintiffs conducted some legal research, they would find that "Federal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Godinger Silver Art Ltd. v. Hirschkorn*, 433 F. Supp. 3d 417, 424 (E.D.N.Y. 2019) (*citing Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004)). The Federal Circuit has applied the "objectively baseless" standard to a situation in which "the party challenged statements made in cease-and-desist letters by a patentee asserting its patent rights." *Id*. Similar to *Godinger* case, Keenray also sent infringement complaint to Amazon which is presumably to be brought in good faith. Here, Plaintiffs' allegations fall woefully short. Their alleged invention of the '810

Patent is merely presumption without any convinced factual basis. Goldenhot did not dispute Keenray's application for the '810 Patent since November 2020 and Plaintiffs did not dispute that Sound Around's infringing products are exactly the same as the design of the '810 Patent. "In short, nothing in the [Amended] complaint plausibly raises the inference that [Keenray] subjectively believed [its] patents were invalid or that [its] take down notices were filed in anything other than good faith. *Id*.

Therefore, Plaintiffs' Count II for Unfair Competition should be dismissed.

### D. Plaintiffs' Count III for Tortious Interference with Existing and Potential Business Relationships Should Be Dismissed.

Plaintiffs responded to Keenray's Motion to Dismiss their Count III by merely restating the legal elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") To allege the tortious interference with existing and potential business relationships, Plaintiffs must allege sufficient facts to plausibly show either that Keenray "acted solely out of malice" or that he "used dishonest, unfair, or improper means." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006).

"The amended complaint falls well short of demonstrating any of these." *Godinger*, 433 F. Supp. 3d., at 427. As mentioned above, Plaintiffs fail to show Keenray's infringement complaint was brought in bad faith. Further, Plaintiffs alleged that Keenray intended to harm Sound Around's reputation is, without additional context or factual support, a quintessential example of economic self-interest, and thus insufficient to plead this element. *RFP LLC v. SCVNGR, Inc.*, 788 F. Supp. 2d 191, 198 (S.D.N.Y. 2011) (tortious interference claim dismissed where complaint failed to allege that party that sent cease-and-desist letter involving trademark "believed that [it] had no such rights [in the trademark] when the letter was sent"). "Because plaintiffs failed to plead

7

sufficient facts to plausibly allege that [Keenray] used "wrongful means" or had an improper purpose in filing the take down notices, this element of the tortious interference claim remains unsatisfied." *Godinger*, 433 F. Supp. 3d., at 427.

### E. Plaintiffs' Count V to Count VIII related to the alleged use of Goldenhot's ETL Control Number Should Be Dismissed.

Plaintiffs attempted to cure their deficiencies by providing Helen's declaration to testify that Goldenhot tested Keenray's product in 2023. *See* Dkt. 59-1, ¶12. As mentioned above, Helen's credibility is questionable and has made multiple misrepresentations to the Court. Her testimony is unconvince. It is also unclear how Goldenhot, a Chinese factory, could tested a product sold to New York. Moreover, Goldenhot's position regarding this test is problematic because it refused to provide any documents and refused to respond to Keenray's interrogatories because of "attorney client privilege and work product immunity." A true a correct copy of Goldenhot's response to Keenray's first set of requests for production of documents and interrogatories is attached hereto as Exhibit B. It is unclear that why the identification of the person who examined Keenray's product is barred by attorney client privilege and work product immunity. There's only one explanation, and it's that Goldenhot did not perform any testing.

Therefore, Goldenhot fails to establish plausible facts to support its Count V to Count VIII Claims.

### F. Leave to Amend the Amended Complaint is Futile.

Plaintiffs have already amended their Complaint in this action. *See* Dkt. 44. Especially, even though the Court has given Plaintiffs the second chance to amend their Complaint, Plaintiffs still failed to adequately address the Court's previous concerns and establish the personal jurisdiction over former Defendant Weng Feng Peng. *See* Dkt. 53. they still failed to establish There are no facts Plaintiffs could allege a third time to salvage their claims. While leave to amend

8

"shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), courts should also deny leave to amend where leave to amend would be futile. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Plaintiffs should not be allowed to amend again. Plaintiffs have no further fact to provide to support their meritless claims.

Therefore, Plaintiffs have nothing to provide to salvage their claims and the Court shall not leave Plaintiffs to amend its Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, Keenray respectfully requests that the Court to grant Defendant Keenray's motion to dismiss all of Plaintiffs' Claims without leave to amend.

Respectfully Submitted:

Date: 11/08/2023

By /s/ Wei Wang
Wei Wang
wei.wang@glacier.law
Routing Men
ruoting.men@glacier.law
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York. NY. 10010
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587
Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 8, 2023, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system.

                                              Respectfully Submitted:

Date: 11/08/2023                                    By /s/ Wei Wang
                                                        Wei Wang